# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff | § | |
| vs. | § | Criminal No. 4:24-CR-39 |
| | § | |
| OSCAR ENRIQUE SERRANO | § | |
|     Defendant. | § | |

## UNITED STATES' REQUESTED VOIR DIRE

TO THE HONORABLE JUDGE OF SAID COURT:

    The United States of America hereby requests that the following questions be presented during voir dire of prospective jurors.

                                          Respectfully submitted,

                                          ALAMDAR S. HAMDANI
                                          UNITED STATES ATTORNEY

                      By:   /s/ *Anthony J. Evans*
                             ANTHONY J. EVANS
                             Assistant United States Attorney
                             Oklahoma Bar No. 20482
                             SDTX Bar No. 3327837
                             1000 Louisiana St., Suite 2300
                             Houston, TX 77002
                             (713) 567-9000

# GOVERNMENT'S REQUESTED VOIR DIRE QUESTIONS:

Introductory Questions

1. If your answer to any of the following questions would prove embarrassing to you personally if answered in the presence of the panel as a whole, you may raise your hand, state your name, and come forward to the bench and reply to the Court and attorneys privately. The questions asked are not meant to pry into your personal affairs, but to determine whether or not you could be fair and impartial if selected as a juror in this case.

2. Are any members of the jury panel acquainted with the Defendants in this case, Oscar Enrique Serrano, Beatriz Sandoval-Rojas, or Jonathan Lopez-Porras? The attorney representing Oscar Serrano is Carlos Rodriguez. Are any members of the panel familiar with Mr. Rodriguez?

3. The attorney representing the government is Anthony Evans. Are any of you familiar with me?

4. I am going to read you a list of potential witnesses, please let me know if you are familiar with any of the names on the list. (Read both government and defense witness lists.)

5. For any of you who are familiar with the Defendant, the attorneys, or the witnesses, how do you know them, and will this familiarity make it difficult

for you to be a fair and impartial juror?

Prior Experience

6. Has any member of the jury panel or any member of your immediate family ever had an unpleasant experience with any governmental agency or state agency that would cause you to be biased against the government?

- If so what type of experience?
- Did this experience affect your opinion of the criminal justice system?
- If it did, how did it affect your opinion?
- Would that experience affect your ability to be a fair and impartial juror in this case?

7. Are any members of the panel related to or have friends in law enforcement, and by law enforcement I mean, federal agents, police officers, fire fighters, paramedics, or attorneys? Would that relationship make it difficult for you to be a fair and impartial juror?

8. This case is being prosecuted by the United States of America. Has any member of the jury panel or your immediate family had such a negative experience with law enforcement or the legal community that you would be unable to serve as a fair and impartial juror?

- Do you feel you were treated unfairly?

- Would that experience cause you to hold some bias towards law enforcement?

9. Have any of you ever had any difficult or unpleasant experiences with the federal government, the United States Drug Enforcement Administration (DEA), the United States Attorney's Office, or the United States Department of Justice, or do any of you have personal feelings against the federal government for whatever reason?

    - The primary investigative agency in this case is the Drug Enforcement Administration (DEA), which is a part of the U.S. Department of Justice, as well as the Galveston Police Department, Colombian National Police, the Dominican Republic National Police, and the Houston Police Department. Does anyone have any particularly strong feelings one way or the other about these agencies that you feel would influence your decision?

10. Would any member of the panel treat the testimony of a law enforcement officer differently than a civilian? Meaning would you automatically believe or disbelieve a police officer just because of their position? Why or why not? Do you understand that all testimony should be evaluated using the same criteria, and that it is your duty as a juror to determine the credibility

of witnesses?

11. Has any member of the jury panel or any close relative of a member of the jury panel ever been charged with a non-traffic related violation of either the state or federal law?

- Please identify who was charged and what they were charged with.
- What was the outcome of the case?
- How did it affect you personally?
- Would this experience or how it affected your family or friend affect your ability to be a fair and impartial juror?

12. Has any member of the panel, a family member or a close friend ever been the victim of a crime?

- If yes, what was the nature of the crime?
- Was the perpetrator apprehended and prosecuted?
- Did you have to appear as a witness in court?
- Based on that experience, could you still be fair and impartial when evaluating the evidence in this case?

Witnesses

13. As part of the government's case we are going to call witnesses to testify. I am sure you can understand, given the process you are going through right

now, that it may be intimidating and cause anxiety for a witness to speak in court, to be questioned by attorneys and to be judged by the jury. Has any member of the panel testified as a witness in court or some type of hearing?

- How did that make you feel?

- Does the fact that someone is nervous or does not speak eloquently mean they are not being truthful?

14. As a member of the jury, you will have the task of determining the credibility of witnesses. The Court is going to instruct you that you are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. It will be your job to assess the credibility of the witnesses who testify in this case. You may believe all, none, or any part of a witness' testimony. Are all of you confident that you can assess the credibility of witnesses? What if you do not like the person or something about them? Does that make them less credible?

15. The law provides that you can believe all, some, or none of a witness's testimony. Are there any among you who could not disregard the portion of a witness testimony that you do not believe and base your decision as to guilt or innocence on the portion of the testimony that you do find credible?

16. It is anticipated the Government will call a witness who was a utilized as a

confidential informant during the investigation into the Defendants.

- How does that make you feel?
- Are you able to listen to that witness's testimony and determine that witnesses credibility?
- Is there anyone who would not believe the testimony of such a witness solely because the witness has been utilized as a confidential informant and is testifying under a plea agreement?

17. A defendant is presumed to be innocent until proven guilty beyond a reasonable doubt. A defendant may not be called as a witness by the United States and is not required to testify in a criminal case because the burden of proof is entirely on the United States. A defendant is entitled to testify if he or she wishes, and if a defendant does elect to testify, he or she is not entitled to any more credibility than any other witness, merely because he or she is the defendant.

    - Is there any member of the panel who would automatically give a defendant more credibility than any other witness merely because he or she is the defendant?
    - On the other hand, if a defendant elects not to testify, which is a defendant's right, the jury may not speculate about what the testimony

might have been had the defendant testified.

- Would any of you speculate about the testimony of a non-testifying defendant?

Burden of Proof

18. It is the government's burden to prove this case to you beyond a reasonable doubt. The Court is going to instruct you that it is not necessary that the defendant's guilt be proved beyond all *possible* doubt. A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. Are all of you willing to accept the concept of reasonable doubt as defined and apply it to the case presented?

- Are any of you going to make the government prove its case one hundred percent?

- Do you all understand that reasonable doubt is not something that you can define by a mathematical calculation and that it's not beyond all doubt?

19. In reaching a verdict, you may also consider either direct or circumstantial

evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of the Defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of the Defendant's guilt beyond a reasonable doubt before she can be convicted. The law makes no distinction between the importance to be given direct as opposed to circumstantial evidence.

- Do any of you feel differently or believe you could not consider circumstantial evidence?
- Could you be convinced beyond a reasonable doubt that the defendant was guilty of knowing or being in reckless disregard of an element of the crime if the evidence as to his knowledge of the crime was only circumstantial?

20. The law also allows you to return a verdict based on the testimony of only one witness if you believe that witness and believe that they proved each element beyond a reasonable doubt. Does that cause anyone concern?

## Miscellaneous

21. Do any among you have any conscientious objections or mental reservations against the present federal drug laws which would influence or affect your judgment so as to prevent you from rendering a fair and impartial verdict?

22. Does anyone believe that narcotics should be legalized or that the way to solve the drug problem is to legalize drugs and regulate their use like alcohol?

23. Are there any among you that believe that drug crimes, specifically the offense of conspiracy to distribute or possession with the intent to distribute cocaine is a "victimless" crime and that, as such, it should not be treated as a criminal offense?

24. In this case, the United States may call as a witnesses a defendant whom the United States has entered into plea agreements providing for the possibility of a reduced sentence for their cooperation with the United States. Such plea bargaining, as it is called, has been approved as lawful and proper and is expressly provided for in the rule of the court. Does this practice raise any concerns with you?

25. Are there any among you who feel or believe the United States should not be permitted to use defendants who have pleaded guilty pursuant to plea agreements with the United States as witnesses?

26. Is there anyone who would not believe the testimony of such a witness solely because the witness has pleaded guilty and is testifying under a plea agreement?

27. Would anyone among you hold it against the United States in any way for entering into such an agreement?

28. Is there anyone who would not believe a defendant witness simply because that witness was receiving some benefit for their cooperation?

29. Does anyone here believe that such persons who enter into such plea bargain agreements should never be believed as witnesses under oath?

30. In this case, the defendant is accused of conspiracy to import into the United States five (5) kilograms of more of cocaine with intent to distribute said cocaine. Under the law, it is the "agreement between two or more persons to violate the narcotics law of the United States" that is the crime.

    While the government must prove the existence of an agreement, it need not prove the existence of a formal agreement or contract, nor that members of the conspiracy directly stated between themselves all of the details of the agreement, nor that the conspirators actually succeed in accomplishing their unlawful objective. Moreover, in a conspiracy, each member of the conspiracy serves as an agent of their co-conspirators and are criminally liable

for the acts of co-conspirators.

Additionally, under the law one may become a member of a conspiracy without knowing all of the details of the unlawful scheme or even the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict a defendant for conspiracy even though the defendant did not participate before or even though a defendant played only a minor part.

31. Is there anything about these instructions regarding the law of conspiracy, in and of themselves, that would make it difficult for you to consider the facts of this case objectively or follow the instructions given by the court at the end of the trial to be followed to render a fair decision?

32. In the federal system, if a defendant is found guilty then the Judge imposes any sentence. Does anyone feel that because you are not allowed to also consider the punishment of a defendant, your ability to fairly listen to the case and render a verdict will be affected?

33. Do any among you have any conscientious objection, religious belief, or mental reservation such that you could not, in good faith, sit as a juror in this criminal case and return a verdict of guilty, if you believe from all the

evidence, that the Government has proved its case beyond a reasonable doubt?

34. The law does not require the Government to call as witnesses all persons who may have knowledge of the matters at issue in this trial nor to produce as exhibits all papers or other items mentioned in evidence. Are there any among you who believe that if the Government does not call all persons who may have knowledge of the matters in issue and produce as exhibits all papers or other items mentioned in evidence, this would keep you from weighing the evidence presented fairly and voting to find the defendant in this case guilty if you believe the Government has proven its case beyond a reasonable doubt as to the defendant?

35. Does any member of the panel have any physical or medical reason why they could not sit on this jury?

36. Does anyone have any personal or religious beliefs that would prevent them from being able to sit in judgment in this case?

37. At the conclusion of all the evidence and after the lawyers have given their closing arguments the Court will instruct you on the rules of law that apply to this case and that must be followed in reaching your verdict. Is there anyone who would not follow the Court's instructions on the rules of law if they disagreed with them due to sympathy for the defendant, or prejudice, or for

some other reason?

38. Now that voir dire is finished and you have heard about the case, is there anyone who feels that he or she possesses information that the Court or attorneys would want to know before selecting the jury that will consider this case?

    - Is there anything else that you need to discuss with the Court or attorneys that would cause you not to be fair and impartial in this case?

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via ECF/PACER filing to defendant and counsel for the defendant, on this the 17th day of December 2024.

/s/ Anthony J. Evans
Anthony J. Evans
Assistant United States Attorney